NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11632

JEANNE A. GOLRICK  vs.  U.S. BANK, N.A.


July 17, 2014.


Supreme Judicial Court, Superintendence of inferior courts.


The petitioner filed a petition in the county court
pursuant to G. L. c. 211, § 3, challenging a Superior Court
order denying her request that the respondent's attorney be
disqualified from representing the respondent in the underlying
litigation between the parties.  A single justice of this court
denied the petition without a hearing, and the petitioner
appealed.  We affirm.

The case is before us on a memorandum and appendix filed by
the petitioner pursuant to S.J.C. Rule 2:21, as amended, 434
Mass. 1301 (2001).  That rule requires the petitioner to "set
forth the reasons why review of the trial court decision cannot
adequately be obtained on appeal from any final adverse judgment
in the trial court or by other available means."  She has failed
to carry her burden.  The alternative remedy in this case is
clear:  the petitioner can adequately obtain review of the order
denying disqualification of the respondent's counsel in an
appeal from the adverse final judgment.[1]  Masiello v. Perini
Corp., 394 Mass. 842, 850 (1985) (citation omitted).  Borman v.
Borman, 378 Mass. 775, 779 (1979).  General Laws c. 211, § 3, is
not a substitute for the normal process of trial and appeal, and
the petitioner has not demonstrated any extraordinary
circumstances rendering the ordinary remedy inadequate.

_____

[1] The Superior Court docket indicates that judgment now has
entered for the respondent and that the petitioner has in fact
filed a notice of appeal.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Jeanne A. Golrick</u>, pro se.
<u>David W. Merritt</u> for the respondent.